25CA1700 Peo v Frias 08-13-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1700
Adams County District Court No. 15CR3984
Honorable Kyle Seedorf, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Hector Frias,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE DUNN
J. Jones and Fox, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

Philip J. Weiser, Attorney General, Patrick A. Withers, Assistant Solicitor General and Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Hector Frias, Pro Se

¶ 1     Defendant, Hector Frias, appeals the district court's order denying his Motion Requesting Injunctive Relief on Restitution.  He argues that the district court erred by failing to retroactively apply section 18-1.3-603(4)(b.5)(I)(A), C.R.S. 2025, to vacate the interest applied to his restitution award and suspend the accrual of additional interest while he is in prison.  We affirm.

## I.     Background

¶ 2     After killing his wife, Frias pleaded guilty to second degree murder.  The district court sentenced Frias to thirty-six years in prison and ordered him to pay restitution, plus eight percent interest per year as then required by section 18-1.3-603(4)(b)(I), C.R.S. 2017.

¶ 3     In 2025, Frias filed a Motion Requesting Injunctive Relief on Restitution.  Relying on a 2019 amendment to section 18-1.3-603(4), Frias argued that interest may not accrue while he is serving his prison sentence.  He thus asked the district court to vacate the interest that had accrued on his restitution order and to toll the accrual of additional interest.

¶ 4    The district court denied the motion, noting that the 2019 amendment went into effect after Frias was ordered to pay restitution and applies prospectively.

## II.    Discussion

¶ 5    Frias contends that the district court erred by concluding that the 2019 amendment applies prospectively.  We disagree.

### A.    Legal Principles and Standard of Review

¶ 6    In 2017 — when the district court ordered Frias to pay restitution — section 18-1.3-603(4)(b)(I) mandated that a defendant "owes simple interest from the date of the entry of the [restitution] order at the rate of eight percent per annum."  § 18-1.3-603(4)(b)(I), C.R.S. 2017.

¶ 7    In 2019, however, the General Assembly amended the restitution statute to, among other things, toll the accrual of interest while "[t]he defendant is serving a sentence in a correctional facility operated by or under contract with the department of corrections located within the state."  Ch. 303, sec. 1, § 18-1.3-603, 2019 Colo. Sess. Laws 2778.  The General Assembly directed that the amendment "takes effect July 1, 2019, and applies

to orders entered on and after said date." 2019 Colo. Sess. Laws at 2779.

¶ 8 We review questions of statutory interpretation de novo. *Tennyson v. People*, 2025 CO 31, ¶ 21. "[I]f a statute is unambiguous, we apply it as written without resorting to tools of statutory construction." *Id.*

### B. The 2019 Amendment Does Not Apply

¶ 9 Absent express legislative intent to the contrary, we presume that a statute operates prospectively — that is, it applies only to events occurring after its effective date. *See* § 2-4-202, C.R.S. 2025. And a statutory amendment does not release a party of "any . . . liability, either civil or criminal . . . incurred under such statute," unless the amending act "so expressly provides." § 2-4-303, C.R.S. 2025.

¶ 10 Still, a criminal defendant may receive the benefit of amendatory legislation "that became effective at any time before the conviction became final on direct appeal." *People v. Stellabotte*, 2018 CO 66, ¶ 26.

¶ 11 Though Frias maintains that the 2019 amendment applies retroactively to toll interest accruing on his restitution obligation,

3

the General Assembly plainly and unambiguously directed that the amendment applies prospectively to restitution orders entered "on and after" July 1, 2019. 2019 Colo. Sess. Laws at 2779. And "[s]tatutes that, by their terms, are effective 'on or after' a specified date do not apply retroactively." *People v. Hamm*, 2019 COA 90, ¶ 27. Thus, Frias cannot overcome the presumption of prospectivity. *See People v. Di Asio*, 2022 COA 140, ¶ 15 (holding that to overcome the presumption that a statute operates prospectively, "a statute must reveal a clear legislative intent that it be applied retroactively"); *see also Aurora Pub. Schs. v. A.S.,* 2023 CO 39, ¶ 39 (noting that in the civil context, it is "well established that statutes are presumed to operate prospectively unless there is legislative intent to the contrary").

¶ 12    Nor does Frias contend that the 2019 amendment was enacted *before* his conviction was final. *See Stellabotte*, ¶ 37 ("[R]elief under an amended statute is available only to those defendants whose convictions were not final when the amendment was enacted." (citing § 18-1-410(1)(f)(II))).

¶ 13    Finally, we are unpersuaded by Frias's claim that the 2019 amendment applies retroactively because it is "either procedural,

4

remedial[,] or curative in nature." Nothing in the text or operation of the amendment supports such a conclusion. *See Aurora*, ¶ 42 ("[A] statute is substantive if it creates, eliminates, or modifies vested rights or liabilities. . . . In contrast, a procedural statute relates only to remedies or modes of procedure to enforce existing substantive rights or liabilities . . . ." (citation omitted)). Indeed, the plain text of the enacting legislation supports the opposite conclusion.

¶ 14　　Thus, because the 2019 amendment does not apply retroactively, the district court correctly denied Frias's request to vacate and toll the interest on his restitution order.

II.　　Disposition

¶ 15　　The order is affirmed.

JUDGE J. JONES and JUDGE FOX concur